T.C. Memo. 2009-272

UNITED STATES TAX COURT

CAROLYN D. HEMRICK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8648-07.                    Filed November 25, 2009.

Carolyn D. Hemrick, pro se.

Lynn M. Curry, for respondent.

MEMORANDUM OPINION

THORNTON, Judge:  Respondent determined a $12,059 deficiency
in petitioner's 2005 Federal income tax.  The sole issue for
decision is whether pursuant to section 72(t)(1) petitioner is

liable for a 10-percent additional tax on early distributions from her Federal Employees' Thrift Savings Plan (TSP) account.[1]

### Background

The parties have stipulated some facts, which are so found. When she petitioned the Court, petitioner resided in Florida.

In 1977 petitioner took a civil service position in the U.S. Air Force Reserve. In 2004 she was working full time in this position at night and serving in the Florida Air National Guard one weekend a month when she began working a day job as an operations supervisor for Mercedes-Benz USA, L.L.C.

In 2005 petitioner was discharged from military duty upon a certification of medical disqualification for worldwide duty because of a medication she was taking. Upon losing her military membership, she was relieved of her civil service job. She withdrew the $120,603 of funds in her TSP account. Petitioner had not attained age 55 during her 2005 taxable year. She has continued working at Mercedes-Benz USA, L.L.C., earning more than she did in her civil service job.

On her 2005 Form 1040, U.S. Individual Income Tax Return, petitioner included the $120,603 of TSP distributions in gross income. By notice of deficiency, respondent determined that

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year at issue.

petitioner owed a 10-percent additional tax on these TSP distributions.

## Discussion

Section 72(t)(1) generally imposes a 10-percent additional tax on early distributions from a "qualified retirement plan". The TSP is a qualified retirement plan. See secs. 4974(c)(1), 7701(j)(1); Dollander v. Commissioner, T.C. Memo. 2009-187. It is undisputed that petitioner's TSP distributions of $120,603 were early distributions made before she had attained the age of 59-1/2 years.

Imposition of the 10-percent additional tax is subject to various exceptions.[2] See sec. 72(t)(2). At issue is the exception in section 72(t)(2)(A)(iii), pertaining to distributions that are attributable to an employee's being "disabled" within the meaning of section 72(m)(7), which provides:

> Meaning of disabled.--For purposes of this section, an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

_____

[2]One exception which the parties have not discussed pertains to distributions made to an employee after separation from service after attaining age 55. Sec. 72(t)(2)(A)(v). This exception is inapplicable to petitioner's TSP distributions because she had not attained age 55 in taxable year 2005.

Petitioner does not contend that she was ever functionally disabled or that her health problems have in any way prevented her from holding gainful employment. To the contrary, she testified forthrightly: "I'm not disabled today. I wasn't disabled the day I got out. I've been working ever since and I continue to work." Petitioner's contention, as best we understand it, is that when she lost her membership in the Florida Air National Guard, its personnel department advised her that she could withdraw her TSP funds without penalty and provided her "documentation" for this penalty-free treatment. That "documentation", which petitioner has offered into evidence, consists of a single photocopied paragraph, captioned "(DISABILITY RETIREMENT UNDER PL 97-253 SPECIAL PROVISIONS)". This document appears to pertain to amendments to the Civil Service Retirement Act, 5 U.S.C. secs. 8331-8351 (2000), relating to the conditions pursuant to which National Guard personnel may be administratively granted disability retirement.

We have no reason to question petitioner's honesty or veracity as to the advice she may have received. Unfortunately for her, however, neither that advice nor the "documentation" she has presented affords her any relief in this proceeding. In the first instance, the "documentation" upon which she relies does not purport to address the taxation of TSP distributions. Moreover, even if it did, it would not affect the tax treatment

under the Internal Revenue Code.  See sec. 7701(j)(5) ("No provision of law not contained in this title [the Internal Revenue Code] shall apply for purposes of determining the treatment under this title of the Thrift Savings Fund or any contribution to, or distribution from, such Fund.").

Inasmuch as petitioner concedes that she is not disabled within the meaning of section 72(m)(7) and has not asserted or established that any other exception to the general rule of section 72(t)(1) applies, her early TSP withdrawals are subject to the 10-percent additional tax.

To reflect the foregoing,

Decision will be entered

for respondent.